JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App. R. 11.1(E) and Loc. R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct. R.Rep.Op. 3.
Plaintiff-appellant Lamond Ellis was indicted for trafficking in cocaine and possession of cocaine. Both counts carried a specification that Ellis was a major drug offender. Ellis pleaded guilty to trafficking in cocaine, and the state dismissed the possession charge along with both specifications. Ellis filed a post-sentence Crim. R. 32.1 motion to withdraw his guilty plea, which the trial court overruled. Ellis has appealed.
The sole assignment of error alleges that the trial court erred in overruling Ellis's motion to withdraw his guilty plea, because his trial counsel had been ineffective, and his plea therefore had not been made knowingly, intelligently and voluntarily. Ellis argues that his trial counsel was ineffective because counsel failed to file a motion to suppress the crack cocaine found at Ellis's car wash. Ellis alleges that the crack cocaine was seized without a search warrant.
Crim. R. 32.1 provides that "to correct manifest injustice[,] the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." A post-sentence motion to withdraw a guilty plea is granted only in extraordinary circumstances. See State v. Smith (1977),49 Ohio St.2d 261, 361 N.E.2d 1324. The defendant has the burden to establish manifest injustice. See id. A motion to withdraw a guilty plea filed after sentence has been passed "is addressed to the discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." See id., paragraph two of the syllabus. The trial court's decision may be reversed if it is unsupported by a sound reasoning process. SeeState v. Testerman (Aug. 17, 2001), 1st Dist. No. C-010040.
The record does not contain a transcript of proceedings. In its entry captioned "opinion overruling motion to withdraw plea," the trial court stated, "The defendant claims his counsel was ineffective in advising him in regard to the disposition of the charges against him under this indictment. The defendant asserts there was no warrant issued for the search of the premises known as the Slippery When Wet Car Wash and thus the [nine] ounces of crack found there should have been suppressed. In reality the crack was discovered and seized pursuant to a warrant."
The trial court specifically found that there was a search warrant for Ellis's car wash. We hold that Ellis did not meet his burden to demonstrate the existence of manifest injustice. The trial court properly denied Ellis's motion to withdraw his guilty plea. The assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App. R. 27. Costs shall be taxed under App. R. 24.
Doan, P.J., Hildebrandt and Painter, JJ.